UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CULTURED NATURAL THIN VENEER STONE, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>CHICAGO, ST. PAUL AND KANSAS CITY RAILWAY COMPANY and its successors and assigns, *et al.*,<br><br>            Defendants. | Case No. 25-2140-TC-BGS |

**NOTICE AND ORDER TO SHOW CAUSE**

Plaintiff filed its Petition to Quiet Title in the District Court of Wyandotte County, Kansas on January 24, 2025.  (Doc. 1-1.)  The Case was removed to the United States District Court for the District of Kansas on March 20, 2025, by Defendant Union Pacific Railroad Company, individually and as the successor in interest to Defendants Chicago, St. Paul and Kansas City Railway Company and Missouri Pacific Railroad Co., which have been merged out of existence (hereinafter "Defendant Union Pacific").  (Doc. 1.)

Defendant Unified Government of Wyandotte County and Kansas City, Kansas filed an Answer in state court, which was subsequently entered in this case.  (Doc. 6.)  On March 27, 2025, a motion to dismiss was filed by Defendant Union Pacific.  (Docs. 8, 9.)  Although no appearance had been entered for Defendant Armour Packing Company in either the state or federal case, the Court proceeded to set a Scheduling Conference, which occurred on June 3, 2025, resulting in the entry of a Scheduling Order.  (*See* Doc. 18.)

During the Scheduling Conference, Plaintiff's counsel stated Defendant Armour was included in this lawsuit to clear title because it had an easement for the property from the 1800s. Counsel stated he believed service by publication had been completed.  The Court instructed

1

counsel to submit a status report 60 days after the Scheduling Conference regarding the status of Armour.

On August 11, 2025, in response to an August 7, 2025, request for a status report from chambers staff, counsel for Plaintiff indicated that he had determined Armour Packing Company is no longer in existence, but was "absorbed" by other companies. Counsel further indicated that Armour's grant of rights related to uses no longer in existence; as such, counsel was "not sure that we actually need to have them as a party in a quiet title action."

Later that same day, the undersigned Magistrate Judge entered a text Order, which stated that

> [t]he Court has reviewed Plaintiff's email status report regarding Defendant Armour Packing Company, submitted 8/11/25. The Court ORDERS that if Plaintiff has taken no action regarding Defendant Armour Packing Company on or before 8/25/25, then the Court will issue a show cause order as to why it should not recommend to the District Court that this Defendant be dismissed for failure to prosecute.

(Doc. 25, 8/11/25 text Order.) No response to that Order was received by the Court nor has there been any further action by, or communication from, Plaintiff's counsel in this regard.

Eight and a half months have passed since this case was filed in Wyandotte County and five and a half months have passed since it was removed to federal court. To date, Defendant Armour has not appeared and Plaintiff has taken no further action against it. The Court therefore orders Plaintiff to show cause in writing by **September 17, 2025**, why the undersigned should not recommend that the District Judge dismiss Defendant Armour for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated September 3, 2025, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge